IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROSIE MARTIN                                                                    PLAINTIFF

v.                              NO. 5:03-CV-00266 SWW

CHARLES DANNY KNIGHT, Individually
and as Superintendent of Schools of the
Watson Chapel, Arkansas School District No. 23,
a Public Body Corporate; the BOARD OF
EDUCATION OF THE WATSON CHAPEL,
ARKANSAS SCHOOL DISTRICT NO. 23,
a Public Body Corporate                                                       DEFENDANTS

## AMENDED COMPLAINT

1.  Jurisdiction of the Court is pursuant to state law, the Arkansas Civil Rights Act, A.C.A. 16-123-101 et. seq..  The relief being sought is pursuant to equal protection clause of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. §§ 1981 and 1983 and the Arkansas Civil Rights Act, A.C.A. 16-12-101 et. seq.  Plaintiff seeks damages, equitable relief and a promotion.

2.  Plaintiff is an African American citizen of the United States who resides in Jefferson County, Arkansas.  She is a 1990 graduate of the University of Arkansas at Pine Bluff with a Bachelors Degree in Elementary Education.  She is also a 1993 graduate of the University of Central Arkansas with a Masters Degree in Educational Leadership.  She has been certified by the Arkansas State Department Education as a school principal grades 1 through 9 since 1994.  She has also been certified as an Arkansas school superintendent since March, 2003.

-1-

3.  Plaintiff was first employed as an elementary school teacher in the Watson Chapel School District in 1990.  In 1998, she was selected by defendants as the assistant principal of Coleman Intermediate School.  She has had the responsibility for administration oversight of the Coleman Intermediate School since 1998.

4.  Plaintiff has been deemed to be objectively qualified for promotional opportunity within the Defendant School District since 1994.

5.  The defendants are Charles Danny Knight, Superintendent of Schools of the Watson Chapel School District No. 23  and the Board of Education of the Watson Chapel School District No. 23.  Knight is sued both individually and in his official capacity.  The Board of Education and Defendant Knight effectively manage and control employee selection for the Watson Chapel School District No. 23.   The Defendant School District is an employer as that term is defined by 42 U.S.C. § 2000(e) and by 42 U.S.C. § 1981, as amended.

6.  The plaintiff seeks to be placed as an elementary school principal in the Watson Chapel School District.  There are two principal positions which she contends which she was qualified for that she did not receive between the school years 2000-2001 and 2001-2003.  Because of plaintiff's non selection for either of the two principalships which she did not receive, she seeks placement as an elementary principal into the position or front pay for the position along with appropriate equitable relief until such time as she is actually placed into an elementary principalship or a similar position of equal responsibility which represents a promotion for her.  She also seeks back pay and compensatory damages.

7.  Beginning in 1994, plaintiff verbally informed her superiors in the Watson Chapel School District that she was ultimately interested in becoming a school principal and that she was furthering

her education in order to enhance her certification and qualifications.  Between 1994 and 2000, plaintiff either actually or constructively applied for principalships which became vacant and was not selected for them.  Each position for which she applied was filled by a male person from outside the Watson Chapel School District.  The males selected were also Caucasian.  Plaintiff did not appeal or otherwise take action with respect to her rejections for those positions.  Plaintiff does not seek relief resulting from any allegedly discriminatory actions by the defendants for any time period before July 15, 2000.

8.  Plaintiff was first promoted to the position of assistant Principal at Coleman Intermediate School during the 1998-1999 school year.  She has remained at that school since that time.  All of her evaluations regarding her work performance have been satisfactory.

9.  Although plaintiff's desire to become an elementary principal was well-known to the Watson Chapel School administration, plaintiff specifically applied for the vacant principal position at Coleman Intermediate School on May 27, 2002.  See Exhibit A hereto.  The position was not posted or otherwise advertised.  The qualifications for the position were never publically announced.

10.  The Defendant Knight, on information and belief, informed William Tietz, then a principal in the Pine Bluff School District, that a principal vacancy existed.  Tietz is a Caucasian individual.  On further information and belief, Tietz was effectively selected for the position on or before the day in June, 2002 on which plaintiff was interviewed for the position.  This information was conveyed to plaintiff indirectly by one of the members of the Board of Education of the Watson Chapel School District.

11.  The Watson Chapel School District has an unwritten policy and/or practice of promoting from within those white persons who are in line for promotional opportunity.  However, when black

persons are in line for principalships, the practice if not the policy is to open positions and/or to recruit for the positions persons who are not employed within the Watson Chapel School District. The district has been found in earlier years to be a racially discriminating employer with respect to the promotional requests of Ledell Willis who is now co-principal of the Watson Chapel High School.

12.   Plaintiff was qualified for the principalship of Coleman Intermediate School.  She applied for the position.  Notwithstanding her qualifications for the position, defendants left the position open and either preselected or invited white persons to apply for the position.  Plaintiff was not selected for the position.  Defendant selected a white individual for the position.  Plaintiff has thus established a prima facie case of employment discrimination due to her race and gender.

13.  William Tietz is the white individual who was selected for the principalship for which plaintiff was rejected.  The reasons given by the defendants for not promoting the plaintiff, on information and belief, are two-fold: a) she was rejected because of her evaluation as a vice principal; and b) no teacher in the school or school board member of the Watson Chapel School Board supported her application.  The reasons proffered, plaintiff contends, are pretextual.

14.   The reasons proffered are further pretextual because of the attitude reflected by Defendant Knight in both August, 2002 and in May, 2003 when during those conferences with plaintiff, he informed plaintiff that plaintiff could better qualify for the position were she to leave the school district, get a job in a smaller school district, and then return to Watson Chapel.  In that way she would obtain experience as a principal and she would not have to rely on certain black persons in those school districts for her success as she did at Watson Chapel.  This attitude reflects racial consideration.

15.  Had plaintiff been selected for the principalship at Coleman Intermediate School for the 2002-2003 school year, her pay would have been at least approximately $10,000 more than what she earned.  Her retirement and other benefits of employment would have been proportionately increased as well.

16.  During the 2002-2003 school year Defendant Knight announced to the teaching staff of the Watson Chapel School District that there was a vacancy for the principal at the L.L. Owens Elementary School.  Plaintiff made a timely application for the position.  Plaintiff was qualified for the position.  The district had a policy of promotion from within for white persons.  The district continued to solicit applications from outside the school district from outside the district notwithstanding plaintiff's qualifications.  The defendants then selected Timothy Taylor, a white person, for the position.

17.  Plaintiff was informed by Defendant Knight on June 6, 2003 that she was not selected. No reason was given for her nonselection.  See Exhibit B.  Defendant Knight implied that previous experience as an elementary school principal was the qualifying criteria which he used as a basis for selection of Mr. Taylor over plaintiff.

18.  The reason implied by Defendant Knight, i.e., experience as an elementary principal at a smaller school, is pretexual.  During plaintiff's interview for the position with Knight during May, 2003, plaintiff inquired of defendant: "Do you recall my previous suggestion that you should obtain experience as a principal at a smaller school district?"

19.  The reasons for plaintiff's reject are pretextual because Knight's attitude with plaintiff's promotional opportunities remain the same, i.e., a) before he would promote her, she had to leave the district, secure a principalship at a small school district and then reapply in Watson Chapel for

an elementary principalship in the event of and upon the event of a vacancy; and b) she could not be promoted pursuant to the district's policy or practice for white employees of promotion from within.

20.   As a matter of historical reference, Plaintiff and Tietz both applied for the assistant principalship of the Coleman Intermediate School for the 1998-1999 school year.  Knight selected plaintiff over Tietz at that time.  This decision at least infers that Knight determined that plaintiff was the better qualified applicant at that time.  Knight did not inform plaintiff that her acceptance as an elementary assistant principal would tend to reduce her qualifications below those of Tietz, in the event that he applied for the principalship upon a later vacancy, notwithstanding plaintiff's satisfactory tenure as a principal at Coleman Intermediate School.  Knight's actions tend to reward and apologize to the white male who he did not select and whom he previously deemed less qualified in 1998 than the plaintiff.  Knight's action in selecting Timothy Taylor sends the message that black females may not obtain qualifying experience as a school principal upon their successfully working as an assistant principal.

21.   Plaintiff was not selected for the principalships for which she was qualified and for which she applied within the Defendant School District during 2002 and succeeding school years due to her race and/or gender in violation of the Arkansas Civil Rights Act, A.C.A. 16-123-101 et. seq., 42 U.S.C. §§ 1981 and 1983, as amended and the Fourteenth Amendment to the United States Constitution.  The statutes and laws upon which the right of plaintiff to be free of employment discrimination due to race and/or gender discrimination are well-established and well-known to the defendants.  Defendants cannot establish that they were unaware of their obligations and duties under the laws and statutes on which this action is based.  Plaintiff is clearly entitled to relief under the cited statutes, laws and the Fourteenth Amendment to the United States Constitution.

22.   On or about July 6, 2005, plaintiff filed the attached charge of discrimination against defendant alleging retaliation.  On or about August 13, 2005, she received dismissal of notice of right to sue which is also attached.  In addition to the allegations set forth hereinabove, plaintiff adopts by reference the allegations set forth in her July 6, 2005 charge of discrimination.

WHEREFORE, plaintiff prays that this matter be set for early hearing before a jury and thereafter that she be awarded:

a)      declaratory relief setting forth her rights and entitlement to relief under the cited statutes and laws of the State of Arkansas and the United States;

b)      injunctive relief which mandatorily enjoins the defendants to immediately place plaintiff into an elementary school principalship or other comparable position which she is qualified; or in the alternative, injunctive relief requiring the defendants to compensate plaintiff as if she were actually holding the position that she first sought but for which she was rejected for the 2002-2003 school years until such time as she is actually placed into a principalship or other comparable position within the Watson Chapel School District; and

c)      damages for deprivation of civil rights due to her race and/or gender in an amount sufficient to compensate her for humiliation and other indignities which she has been forced to suffer as a consequence of defendants' actions.

She further prays for such further, additional and/or alternative relief as may be provided and/or required by law, including but not limited to, her costs and reasonable attorney's fees.

Respectfully submitted,

/s/ John W. Walker
John W. Walker, AR Bar #64046
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, AR 72206
(501) 374-3758 (Tel.)
(501) 374-4187 (Fax)