**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROSIE MARTIN                                                                                         PLAINTIFF

v.                                                       No. 5:03CV00266 JLH

CHARLES DANNY KNIGHT, Individually and as
Superintendent of Schools of the Watson Chapel,
Arkansas School District No. 24, a Public Body
Corporate; and WATSON CHAPEL SCHOOL
DISTRICT NO. 24 BOARD OF EDUCATION,
a Public Body Corporate                                                                   DEFENDANTS

**OPINION**

Rosie Martin has petitioned the Court for an award of fees and costs as provided in 42 U.S.C.

§ 1988.  She seeks $159,030.50 in fees for her lawyer and his paralegals, as well as $6,614.67 in

costs, for a total of $165,645.17.

The Supreme Court explained the criteria that a court should consider in awarding fees under

42 U.S.C. § 1988 in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

"The most useful starting point for determining the amount of a reasonable fee is the number of

hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. at 433, 103

S. Ct. at 1939.  *See also Fish v. St. Cloud St. Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).

Ms. Martin's lawyer, John W. Walker, has presented an itemization of the time that he has

spent on this case, as well as the time spent by his paralegals.  Mr. Walker has stated in an affidavit

that his regular hourly rate presently is $375 per hour.  He has requested compensation for 356.05

hours at that rate, for a total of $133,518.75 for his time.  He was assisted in this case primarily by

Joy Springer.  The statement for Ms. Springer's time is $85 per hour for 291.6 hours, for a total of

$24,786.  Additional paralegal work was performed by Kiffinea Talley.  Martin requests $85 per

hour for 8.6 hours for Ms. Talley for a total, by Martin's calculation, of $725.75.  In addition, Martin

submits a statement of costs totaling $6,614.67.  The defendants contend that the fees sought are

excessive but do not contest the costs.

The defendants, while objecting to the total amount of the fee, do not claim that any of the

time entries were inflated nor that any of the hours were unreasonably expended.  The Court has

carefully reviewed the itemization of time for Mr. Walker, Ms. Springer, and Ms. Talley.  The time

spent by each of them appears to be reasonable and appropriate.  There are no entries in which the

time appears to be inflated, nor does it appear that any of the hours charged were not reasonably

expended.

Mr. Walker's hourly rate, by his own admission, is high.  He states in his affidavit:

My rates for legal services in the last 20 years have been among the highest in the
State of Arkansas.  I know those rates to now be in the $325 to $400 per hour range.
In 2005, I was awarded a legal fee by the Honorable Judge Jimm L. Hendren of $325
per hour for work which I performed in 2004 and 2005.  In earlier years I regularly
charged $325.00 per hour.  My present hourly rate is $375.00 per hour.  This rate is
within the range of counsel of similar experience and qualifications with whom I
work and with whom I am adversary.

Martin also submitted the affidavit of Morgan E. Welch, who has practiced law in Arkansas since

1975.  Mr. Welch states in his affidavit, "I understand that Mr. Walker is seeking an hourly fee

award for work in a civil rights case which arises in Jefferson County, Arkansas in the amount of

$375.00.  I believe this amount to be reasonable in the market in which Mr. Walker practices."

In response, the defendants argue, first, that the Court should exclude the time spent in the

first two trials, both of which resulted in hung juries.  Second, the defendants assert that

Mr. Walker's requested rate of $375 per hour is not a reasonable rate in this case.  The defendants

state, "This Court can take judicial notice of reasonable hourly rates and fees awarded in this Court

for similar work by attorneys in similar cases in the Eastern District of Arkansas, Pine Bluff

Division.  Reasonable rates in similar cases in the community would be substantially less than the

rate requested by Mr. Walker."  The defendants also cite *Firestine v. Parkview Health Sys., Inc.*, 374

F. Supp. 2d 658 (N.D. Ind. 2005), and *McDonough v. City of Quincy*, 353 F. Supp. 2d 179 (D. Mass.

2005), because in those two cases the hourly rates awarded were substantially less than $375 per

hour.  Finally, the defendants have submitted the itemized statements of their attorney, Michael J.

Dennis, for this case.  Mr. Dennis has charged his clients approximately one-third of the amount

requested for Mr. Walker and his paralegals.  Mr. Dennis's hourly rate when the case began in 2003

was $160; it is now $185.  The discrepancy between the hourly rate charged by Mr. Dennis, on the

one hand, and Mr. Walker, on the other hand, counts for the largest part of the difference in the fees

of the two lawyers.  The other major difference is that Mr. Dennis did not use a paralegal.

The Court does not agree that it would be appropriate to exclude the attorneys' fees for the

time expended on the first two trials.  The defendants cite no authority for the proposition that that

time should be excluded.  The ultimate result was that plaintiff prevailed.  As it turned out, it was

necessary to try the case three times before the plaintiff prevailed, so all of that time was reasonably

expended.

It is true that Mr. Walker's hourly rate is at the high end of the market.  His own affidavit

says that it is.  Nevertheless, the testimony in his affidavit that his hourly rate is within the range of

counsel of similar experience and qualifications is undisputed and also is confirmed by the Court's

knowledge of the market in Little Rock.  Some lawyers in Little Rock who have more than 40 years

of experience and who are thought to be among the best in their fields regularly charge between $300

per hour and $400 per hour.  Although Mr. Walker's hourly rate is high, it is not out of line with

Case 5:03-cv-00266-JLH   Document 107   Filed 08/07/06   Page 4 of 6


hourly rates charged by lawyers in Little Rock with similar experience and qualifications. The cases that defendants cite did not involve lawyers of similar qualifications and experience.

Although Mr. Dennis did an excellent job of representing the defendants and did so for far less money than is sought by the plaintiff for attorneys' fees, neither the hourly rate charged by Mr. Dennis nor the total amount of his fees defines what is reasonable under *Hensley v. Eckerhart*. Mr. Dennis's hourly rate is much less than Mr. Walker's, but Mr. Dennis practices in Pine bluff where the hourly rates typically are lower than in Little Rock, and he has 19 years less experience than Mr. Walker, so one would expect his hourly rate to be less than Mr. Walker's. Mr. Dennis did not use a paralegal, but Mr. Walker did, and it was not unreasonable for him to do so. There is no doubt that Ms. Springer's assistance was quite valuable to Mr. Walker.

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435, 103 S. Ct. at 1940. Here, Mr. Walker obtained an excellent result for Ms. Martin. He obtained for Ms. Martin the maximum amount of back wages she could have received, the maximum (in the Court's opinion) damages for mental anguish that would be justified, and the equitable relief that she sought. Therefore, the fee award should be "fully compensatory."

Although Mr. Walker stated in his affidavit that his current hourly rate is $375 per hour, he did not specifically say what his hourly rate was in 2003, 2004, or 2005. He did say in his affidavit that he was awarded $325 per hour in another case for time spent in 2004 and 2005. He also said, "In earlier years I regularly charged $325.00 per hour." Mr. Walker has not offered any reason as to why in this case he should be paid at a higher hourly rate for time spent in 2003, 2004, and 2005 than he was paid in the case mentioned in his affidavit. Accordingly, the Court will award attorneys'

fees for Mr. Walker's time based on $325 per hour for 2003, 2004, and 2005.  The Court will award

attorneys' fees for the time Mr. Walker spent on this case in 2006 at the rate of $375 per hour.

Although the Court has not found that any of the entries on any of the itemized statements

of professional services rendered were either inflated or unreasonable, in verifying the computations,

the Court has come to slightly different amounts of time for Mr. Walker and Ms. Springer than their

calculations show.  By the Court's computations, Mr. Walker spent a total of 349.15 hours, while

Ms. Springer spent a total of 278.6 hours.  Mr. Walker's itemization shows 5.45 hours in 2003; 33.7

hours in 2004; 216.3 hours in 2005; and 93.7 hours in 2006.  The fees and costs awarded are as

follows:

| | | | |
|---|---|---|---|
| Fees for Mr. Walker | 255.45 hours | x $325 per hour = | $83,021.25 |
| | 93.7 hours | x $375 per hour = | $35,137.50 |
| | Mr. Walker's fees | Subtotal $118,158.75 | |
| Fees for Ms. Springer | 278.6 hours | x $85 per hour = | $23,681.00 |
| Fees for Ms. Talley | 8.6 hours | x $85 per hour = | $    725.75[1] |
| Costs | | | $  6,614.67 |
| | TOTAL FEES AND COSTS | | $149,180.17 |

**CONCLUSION**

Pursuant to 42 U.S.C. § 1988, fees and costs in the total amount of $149,180.17 will be

awarded to the plaintiff as the prevailing party.  A judgment will be entered separately in that

amount.

---

[1] Ms. Talley's time entries total 12.1 hours, but Martin requested fees in the amount $725.75, which she said was calculated at 8.6 hours times $85 per hour.  Since she requested reimbursement for $725.75, the Court will not award a larger sum than that.

IT IS SO ORDERED this 7th day of August, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE