**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROSIE MARTIN                                                                                              PLAINTIFF

v.                                                  No. 5:03CV00266 JLH

CHARLES DANNY KNIGHT, Individually and as
Superintendent of Schools of the Watson Chapel,
Arkansas School District No. 24, a Public Body
Corporate; and WATSON CHAPEL SCHOOL
DISTRICT NO. 24 BOARD OF EDUCATION,
a Public Body Corporate                                                                          DEFENDANTS

## AMENDED AND SUBSTITUTED JUDGMENT AND DECREE

This case came before the Court for a trial by jury beginning on June 26, 2006. Rosie Martin appeared in person and through her attorney, John W. Walker. Charles Danny Knight appeared in person and through his attorney, Michael J. Dennis. The Board of Education of the Watson Chapel, Arkansas School District No. 24 appeared through its corporate representative, Maxine Nelson, and its attorney, Michael J. Dennis. All parties announced ready for trial. A jury of twelve was duly selected and sworn.

On June 30, 2006, the jury returned verdicts as follows:

1. Do you find from the greater weight of the evidence that plaintiff's race or sex was a motivating factor in defendants' decision not to promote her to the position of principal in 2002?

        *Yes*                         */s/ Wendy R. Tassin*
    ("Yes" or "No")             FOREPERSON

                                        DATED: *6-30-06*

    ***NOTE:*** *If you answer this question "no," proceed to Question 3. If you answer this question "yes," you must answer Question 2.*

2. Do you find from the greater weight of the evidence that the defendants

would not have promoted plaintiff in 2002 regardless of her race or sex?

     *No*                    */s/ Wendy R. Tassin*
("Yes" or "No")        FOREPERSON

                              DATED: *6-30-06*

*NOTE: If you answer this question "no," you must complete Question 7.*

3.    Do you find from the greater weight of the evidence that plaintiff's race or sex was a motivating factor in defendants' decision not to promote her to the position of principal in 2003?

     *No*                    */s/ Wendy R. Tassin*
("Yes" or "No")        FOREPERSON

                              DATED: *6-30-06*

*NOTE: If you answer this question "no," proceed to Question 5. If you answer this question "yes," you must answer Question 4.*

\* \* \*

5.    Do you find from the greater weight of the evidence that plaintiff's filing a discrimination complaint was a motivating factor in defendants' decision not to promote plaintiff in 2005?

     *Yes*                  */s/ Wendy R. Tassin*
("Yes" or "No")        FOREPERSON

                              DATED: *6-30-06*

*NOTE: If you answer this question "no," then skip Question 6, and you must answer Question 7 only if you answered Question 2 or Question 4 "no." If you answer this question "yes," you must answer Question 6.*

6.    Do you find from the greater weight of the evidence that the defendants would not have promoted plaintiff in 2005 regardless of her filing a discrimination complaint?

     *No*                    */s/ Wendy R. Tassin*
("Yes" or "No")        FOREPERSON

                              DATED: *6-30-06*

>   *NOTE:* *If you answer this question "no," you must complete Question 7. If you answer this question "yes," then you must complete Question 7 only if you answered Question 2 or Question 4 "no."*

7. We find plaintiff's damages as defined in Instruction No. 10 to be as follows:

   a. We find plaintiff's lost wages and benefits through the date of this verdict to be:

      $ _50,406.02_ (stating the amount, or if none, write the word "none").

   b. We find plaintiff's other damages, excluding lost wages and benefits, to be:

      $ _500,000_ (stating the amount, or if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).

                                  _/s/ Wendy R. Tassin_
                                  FOREPERSON

                                  DATED: _6-30-06_

Following entry of a judgment on the jury verdict on June 30, 2006, the defendants moved for a remittitur. The Court granted the motion and ordered that the damages other than lost wages and benefits be remitted to $150,000.00 or, at the plaintiff's election, that a new trial be conducted on the issue of damages. Plaintiff has elected to accept the remittitur.

In addition, plaintiff has filed a motion for attorneys' fees, which the Court granted. On August 7, 2006, the Court entered a judgment for attorneys' fees and costs in the amount of $149,180.17.

IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED, AND DECREED that judgment should be and hereby is entered in favor of Rosie Martin against Charles Danny Knight, Individually and as Superintendent of Schools of the Watson Chapel, Arkansas School District

No. 24, a public body corporate, and the Board of Education of the Watson Chapel, Arkansas School District No. 24, a public body corporate, jointly and severally, in the amount of $200,406.02 plus post-judgment interest from June 30, 2006, at the rate of 5.24% per annum; and that judgment for Rosie Martin's attorneys' fees and costs should be and hereby is entered in the amount of $149,180.17 in favor of Rosie Martin against Charles Danny Knight, Individually and as Superintendent of Schools of the Watson Chapel, Arkansas School District No. 24, and the Board of Education of the Watson Chapel, Arkansas School District No. 24, a public body corporate, jointly and severally, plus pre-judgment interest to accrue from August 7, 2006, at the rate of 5.10% per annum; for all of which garnishment and execution may issue.

IT IS ALSO HEREBY ORDERED AND DECREED that Charles Danny Knight, as Superintendent of Schools of the Watson Chapel, Arkansas School District No. 24, and the Board of Education of the Watson Chapel, Arkansas School District No. 24 must place plaintiff into the next available elementary school principalship or other comparable position for which she is qualified and pay her as if she were actually holding the position of principal of the Coleman Intermediate School until such time as she is actually placed into a principalship or other comparable position within the Watson Chapel School District.

IT IS SO ORDERED this 18th day of August, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE