# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROSIE MARTIN                                                                                           PLAINTIFF

v.                                              No. 5:03CV00266 JLH

CHARLES DANNY KNIGHT, *et al.*                                                              DEFENDANTS

## **ORDER**

On this 20th day of April, 2007, the Court held a hearing on plaintiff's motion to reopen case and for further relief and on defendants' motion to correct verdict. Rosie Martin appeared in person and with her lawyer, John W. Walker. Charles Danny Knight appeared in person. All of the defendants appeared through their lawyer, Michael J. Dennis.

The defendants have moved to correct the verdict based on their allegation that the plaintiff's exhibit presented at trial to show her lost wages added rather than deducted FICA amounts. In open court, Mr. Dennis stated that the motion to correct the verdict was made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. A district court may grant a motion pursuant to Rule 60(b) "only upon an adequate showing of exceptional circumstances." *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 927 (8th Cir. 1997). The defendants here do not argue that the alleged mistaken computation was a result of fraud. Instead, they argue only that it was a mistake. The defendants had a full and fair opportunity to litigate this issue at trial. There are no equities here that would overcome the importance of the finality of judgments. *Cf. Farmers Coop. Elevator Ass'n Non-Stock of Big Springs, Neb. v. Strand*, 382 F.2d 224, 232 (8th Cir. 1967).

This case is similar to *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir. 1969). There, the district court entered a final judgment using a precedent that had been prepared and agreed upon by counsel. That order entered judgment in a Social Security claim and added six percent interest. More than four months later, the government filed a motion to modify the order by striking the words

"at six percent interest." The government pointed out that no statute authorized an award of interest, so that provision should not have been included. The district court granted the government's motion and modified the judgment by striking the erroneous language. The Eighth Circuit reversed, holding that the district court erred in granting the motion. In reversing, the Eighth Circuit stated:

> Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.
>
> It is generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief. Thus Government counsel cannot obtain relief by pointing to his carelessness or negligence.

*Id.* at 835 (citations omitted).

The situation here is not an extraordinary circumstance that would justify relief under Rule 60(b). At trial, the plaintiff introduced an exhibit showing a calculation of her lost wages. The defendants had a full and fair opportunity to examine the exhibit and to cross-examine the plaintiff. They did not call the jury's attention to the error to which they now point. A simple miscalculation on a damage exhibit, which was overlooked by defense counsel at trial, is not the type of extraordinary circumstance that would justify relief under Rule 60(b). Therefore, the defendants' motion to correct the verdict is denied.

The defendants must pay the plaintiff the full amount of back wages awarded by the jury and included in the judgment, plus post-judgment interest.

The Court has carefully considered plaintiffs' motion to reopen the case and for further relief. Plaintiff asks the Court to order the defendants to install her as junior high principal. However, the preponderance of the evidence shows that the school board voted on February 13, 2006, to make Henry Webb the junior high principal. At that time, there was no order from this Court requiring the defendants to promote plaintiff to the next available position comparable to an elementary school

principal. Plaintiff argues that, if she had known that the school board had approved of hiring Webb as junior high principal, she could have used his salary in her damage calculation. As defendants argue, she had the opportunity to use Webb's salary in her damage calculation because her retaliation claim was based on the fact that the defendants passed over her in choosing Webb as interim principal. The Court will not reopen the case to award damages based on a damages calculation that was available to the plaintiff but which she chose not to use. Finally, plaintiff argues that the Court might have remitted a smaller amount of the non-economic damages had the Court known that Webb had been hired as principal. That knowledge would not have affected the order of remittitur. Other than the failure to pay back wages in the full amount found by the jury and awarded in the judgment, the defendants have not violated an order of the Court.

This Court will not proceed on charges of criminal contempt. Whether Charles Danny Knight committed a crime at trial, such as perjury or obstruction of justice, is an issue that should be decided through the ordinary criminal processes, should plaintiff or her counsel choose to refer this matter to the United States Attorney for the Eastern District of Arkansas. Therefore, this Court will not address the issue.

Plaintiff's motion to reopen case and for further relief is DENIED. Document #111. Defendants' motion to correct verdict is DENIED. Document #113.

IT IS SO ORDERED this 20th day of April, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE